VILLEROY & BOCH KERAMISCHE WERKE K.G.; Villeroy & Boch Tableware Ltd.; Villeroy & Boch S.A.R.L., Plaintiffs–Appellants,

v.

THC SYSTEMS, INC., doing business as Rego, Defendant–Appellee.

No. 1680, Docket 93–7081.

United States Court of Appeals, Second Circuit.

Argued June 9, 1993.

Decided July 15, 1993.

David S. Fishman, Windsor, CT (Michael A. Cantor, Fishman, Dionne & Cantor, of counsel), for plaintiffs-appellants.

Neil M. Zipkin, New York City (Denise A. Lindenauer, Amster, Rothstein & Ebenstein, of counsel), for defendant-appellee.

Before OAKES, WALKER and WOOD,* Circuit Judges.

OAKES, Circuit Judge:

Villeroy & Boch Keramische Werke, K.G., Villeroy & Boch Tableware, Ltd., and Villeroy & Boch S.A.R.L. (collectively "V & B") seek to overturn summary judgment granted in favor of THC Systems, Inc. ("THC") by

---

\* Harlington Wood, Jr., Senior Circuit Judge of the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

the United States District Court for the Southern District of New York, John F. Keenan, *Judge.* The district court dismissed V & B's claims of statutory and common law unfair competition and trademark infringement. For the reasons set forth below, we reverse.

## BACKGROUND

V & B sells high quality china for use in homes and restaurants. THC sells high quality china to a more limited market of restaurants and hotels. The dispute in this case involves one particular chinaware pattern sold by V & B, "Basket," and an alleged knock-off of that pattern, "Bountiful," produced by THC. "Basket" chinaware has two notable features: namely a basket motif in the center and a trellis design around the rim. The "Basket" and "Bountiful" patterns are similar although all "Bountiful" china contains an underglaze marking on the back, as is customary in the industry, to indicate that THC is the source of the china. V & B did not register its "Basket" design as a trademark nor did it seek a design patent. It had sought and received patents for other designs.

In its complaint, V & B alleged that THC violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1988), by producing a product confusingly similar to its own. In addition, V & B alleged unfair competition and dilution of trademark under New York law. Applying the "important ingredient" test derived from the Ninth Circuit's case *Pagliero v. Wallace China Co.,* 198 F.2d 339 (9th Cir.1952), the district court determined that the Basket design was functional as a matter of law and, therefore, that V & B's unregistered trademark was not eligible for protection under either federal or state law. On appeal, V & B argues that *Pagliero* no longer represents the law at least in this circuit and that the design in hotel china is not functional as a matter of law.

## DISCUSSION

 An action for trade dress infringement under § 43(a) of the Lanham Act may be maintained if the plaintiff is able to show either that its trade dress is inherently dis-

tinctive, *Two Pesos, Inc. v. Taco Cabana, Inc.,* —— U.S. ——, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992); *see also Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 136 n. 3 (2d Cir.1992) (finding trade dress at issue not inherently distinctive), or, if the trade dress is not inherently distinctive, that it "has acquired secondary meaning—that is, the trade dress identifies the source of the product—and that there is a likelihood of confusion between the original trade dress and the trade dress of the allegedly infringing product." *Wallace Int'l Silversmiths, Inc. v. Godinger Silver Art Co., Inc.,* 916 F.2d 76, 79 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1622, 113 L.Ed.2d 720 (1991). Despite this type of showing, a defendant may avoid liability under § 43(a) of the Lanham Act if he or she is able to demonstrate that the allegedly similar trade dress feature is "functional." *Id.; see also Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 850 n. 10, 102 S.Ct. 2182, 2187 n. 10, 72 L.Ed.2d 606 (1982) ("In general terms, a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.").

The district court in this case, relying on *Pagliero,* determined that the Basket design allegedly copied by THC was functional as a matter of law, and therefore dismissed V & B's Lanham Act and state law unfair competition claims. Factually similar to this case, *Pagliero* involved the copying of four hotel china designs. The *Pagliero* court introduced the concept of "aesthetic functionality" in analyzing whether the design patterns were functional and, therefore, not subject to trademark protection. Accordingly, *Pagliero* divided designs into two categories: some designs are "an important ingredient in the commercial success of the product" whereas other designs are "arbitrary embellishment, a form of dress for the goods primarily adopted for purposes of identification and individuality." 198 F.2d at 343. However, in the case of hotel china, the *Pagliero* court held that design was the primary appeal and not simply an indicia of source and should be considered functional. *Id.* at 343–44.

The district court in this case recognized that the "important ingredient" test of *Pag-*

*liero* is controversial and has been seriously limited by this circuit in recent cases. *See Stormy Clime, Ltd. v. ProGroup, Inc.,* 809 F.2d 971, 977 (2d Cir.1987) ("distinctive and arbitrary arrangements of predominantly ornamental features that do not hinder potential competitors from entering the same market with differently dressed versions of the product are non-functional and hence eligible for trade dress protection."); *LeSportsac, Inc. v. K Mart Corp.,* 754 F.2d 71, 77 (2d Cir.1985) ("important ingredient" test read literally serves as disincentive for creation of new designs). Nonetheless, the district court felt "compelled to accept the 'important ingredient' test's continued viability regarding china."

The district court was incorrect in its belief that Second Circuit precedent requires a continued adherence to *Pagliero* in the case of hotel china. In *Wallace,* this circuit specifically rejected the *per se Pagliero* rule in favor of a general analysis of whether the "use of [a design] feature is necessary for effective competition." 916 F.2d at 80 (citing *Stormy Clime,* 809 F.2d at 976–77). In a sensible exposition of the purposes of intellectual property law, the *Wallace* court noted that "[b]y allowing the copying of an exact design without any evidence of market foreclosure, the *Pagliero* test discourages both originators and later competitors from developing pleasing designs." *Id.* The *Wallace* court ultimately found that the baroque design of the silverware at issue in that case was not protectable in trademark because the designs were "basic elements of a style that [was] part of the public domain." *Id.* at 81.

The Restatement (THIRD) of Unfair Competition,[1] cited with approval in *Wallace,* 916 F.2d at 81 n. 2, supports the proposition that the design of hotel china is not *per se* functional. The Restatement observes that a "design is functional because of its aesthetic value only if it confers a significant benefit that cannot practically be duplicated by the use of alternative designs." Restatement

(THIRD) of Unfair Competition § 17 cmt. c (Tent.Draft No. 2, 1990). To illustrate this proposition, the Restatement provides an example involving hotel china, drawn from *Pagliero,* and concludes that patterns on hotel china design may be protectable as a trademark "[i]n the absence of evidence establishing that similarly attractive patterns are unavailable...." *Id.* at illus. 6.

Despite claims to the contrary by THC, the district court had insufficient evidence before it to suggest that THC needed to copy the Basket design to compete in the market for hotel china. THC's claim that hotels typically buy china once every seven years and that they are foreclosed from providing replacement china to hotels using the Basket design without copying the Basket pattern is not enough to meet the market foreclosure test for functionality. The long term nature of the buying patterns in the hotel china market may make it difficult for THC to persuade a hotel to switch to a new pattern once it has started with the Basket design, but THC has not made the necessary showing that it is at a significant competitive disadvantage in making the initial sale without the basket pattern.

Even if there should not be a *per se* rule that hotel china designs are functional, THC argues that this decision would be a new rule and should not be applied retroactively, citing *Chevron Oil Co. v. Huson,* 404 U.S. 97, 105–08, 92 S.Ct. 349, 354–36, 30 L.Ed.2d 296 (1971). Although the alleged copying of the Basket pattern by THC began in 1982, before the Second Circuit repudiated *Pagliero* in *Stormy Clime* and *Wallace,* those decisions are still applicable to the present case. The Supreme Court in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), held that once a court applied a rule of law to litigants in one case, such as has been done in this circuit in *Wallace,* "it must do so with respect to all others not barred by procedur-

---

1. The American Law Institute adopted Tentative Draft No. 2 of the Restatement of the Law of Unfair Competition, covering the issue of trademark subject matter relevant here, in May of 1990, and adopted the entire Restatement of the

Law of Unfair Competition in May of 1993. Nonetheless, our citations are made to the Tentative Draft because the final published version is not yet available.

al requirements or res judicata." *Id.* at ——, 111 S.Ct. at 2448. We note, however, that our decision is limited to the finding that the hotel china is not functional as a matter of law and does not resolve either the factual question of whether the Basket design is necessary to compete in the hotel china market or the ultimate questions—there being no indication of inherent distinctiveness—of secondary meaning and likelihood of confusion.

In addition to reversing the district court's decision to grant summary judgment on V & B's Lanham Act claim, we also reverse its decision on V & B's state law claims. V & B alleges that THC used photos of Basket china to represent its own Bountiful line. THC responds that a third party distributor used the photos and that there is no proof that Basket china was used in the advertisements. The district court, however, decided the state law claims on the functionality question and did not reach the state unfair competition issue. Thus, V & B's state law allegations must be sent back for resolution.

## CONCLUSION

Accordingly, the judgment of the district court is reversed and the case is remanded.