**DURACRAFT CORPORATION, Plaintiff,**

v.

**HONEYWELL, INC., Defendant.**

**Civ. A. No. 93–40190–NMG.**

United States District Court,
D. Massachusetts.

March 31, 1994.

John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, Michael A. Nicodema, Joseph A. Calvaruso, Steven F. Meyer, Harry C. Marcus, Andrea L. Wayda, Dickerson M. Downing, Morgan & Finnegan, New York City, for plaintiff.

Mark J. Hebert, Fish & Richardson, Boston, MA, Michael O. Sutton, Albert B. Deaver, Jr., Jon R. Trembath, Fish & Richardson, Houston, TX, Roger W. Jensen, Ian D. MacKinnon, Office of General Counsel, Honeywell, Inc., Minneapolis, MN, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Duracraft Corporation ("Duracraft") has brought this action against Honeywell, Inc. ("Honeywell") seeking declaratory judgment that a certain Honeywell patent is invalid. Honeywell has counterclaimed against Duracraft alleging patent infringement and unfair competition under 15 U.S.C. § 1125(a) and M.G.L. c. 93A. Duracraft now moves for summary judgment on both the federal and state claims of unfair competition, Counts 3 and 4 of Honeywell's counterclaims.

### I. BACKGROUND

Duracraft is a Massachusetts corporation that manufactures and sells portable room air cleaners. Honeywell, a Delaware corporation with its principal place of business in Minneapolis, Minnesota, also manufactures and sells portable air cleaners and is engaged in direct competition with Duracraft.

On October 19, 1993, Honeywell sent a letter to Duracraft demanding that Duracraft cease and desist from making and selling a brand of air cleaner that allegedly infringes a Honeywell patent. On that same day, Honeywell sent a letter to Sears Corporation ("Sears"), a retailer of Duracraft's air cleaners, informing Sears of Duracraft's alleged infringement. Apparently in response to those letters, Duracraft initiated this action against Honeywell for a declaratory judgment of patent invalidity. Honeywell's counterclaims for unfair competition assert that Duracraft copied or misappropriated the trade dress of Honeywell's air cleaners.

### II. SUMMARY JUDGMENT

Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to Honeywell, the non-moving party, and indulge all reasonable inferences in its favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce*, 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the movant

satisfies that burden, it shifts to the non-moving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) (*citing Anderson*). The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56(e).

## III. DISCUSSION

Counts 3 and 4 of Honeywell's counterclaims allege that Duracraft engaged in unfair competition by misappropriating the trade dress of Honeywell's air cleaners. More specifically, Honeywell claims that Duracraft committed trade dress infringement by copying the allegedly distinctive round shape of Honeywell's air cleaners.

In order for Honeywell to prevail on its claims of unfair competition on grounds of trade dress infringement, it must prove that: 1) the round shape of the air cleaners is nonfunctional; 2) the round shape is inherently distinctive or has acquired a secondary meaning; *and* 3) Duracraft's round shape design has created a likelihood of confusion as to the source of the air cleaners in question. *Two Pesos Inc. v. Taco Cabana Inc.,* — U.S. —, —, 112 S.Ct. 2753, 2758, 120 L.Ed.2d 615 (1992).

Duracraft argues in its memorandum that it is entitled to summary judgment on Honeywell's trade dress claims because:

1. the round shape of the air cleaners is functional and, therefore, cannot be withdrawn from the public domain for the exclusive use of Honeywell;

2. the round shape lacks both inherent distinctiveness and secondary meaning;

3. consumers are not likely to be confused about the source of the two kinds of air cleaners because they do not look alike, they are prominently identified by name, they move in different channels of trade and there is no survey evidence of consumer confusion; and

4. Honeywell copied the round shape of its air cleaners from another manufacturer, Kleen–Rite, which first produced round air cleaners in 1983.

Honeywell opposes Duracraft's motion and generally asserts that there are genuine issues of material fact that preclude summary judgment. Honeywell specifically contends that:

1. the round, exterior housing is not functional, even if the "roundness" of the inner-filter is;

2. although the outer cover may serve some function, the shape of the cover is immaterial to that function;

3. the round trade dress has achieved secondary meaning; and,

4. even if it has not, it is a close factual question that bars summary judgment.

After careful consideration of the arguments and affidavits of the parties, this Court, viewing the evidence in a light most favorable to Honeywell, finds that the round shape of Duracraft's air cleaners is functional because it: 1) lowers the cost of producing the air cleaners, 2) makes it easier for the consumer to place the air cleaner in such a way that it does not block the air flow into the filter, and 3) lessens the chance of turbulent air flow through the exterior housing. Distinctive and arbitrary features may warrant trade dress protection when those features add to a product's image and help identify the source of the product, but when, as here, the features affect the cost or quality of the article, the case for trade dress protection fails. *See Villeroy & Boch Keramische Werke K.G. v. THC Systems, Inc.,* 999 F.2d 619, 620 (2d Cir.1993) (liability under § 43(a) of the Lanham Act is avoided where the alleged infringer demonstrates that the similar trade dress is functional); *Stormy Clime Ltd. v. ProGroup, Inc.,* 809 F.2d 971, 977 (2d Cir.1987) ("the case for protection weakens the more clearly the arrangement of allegedly distinctive features serves the purpose of the product (including maintenance of low cost)"); *see also Two Pesos Inc.,* — U.S. at

688

——, 112 S.Ct. at 2766 (where, in the Thomas, J., concurrence, "trade dress" was said to consist of a product's packaging or, more broadly, its image).

 Furthermore, the Court finds that there is no likelihood of confusion as to the source of the air cleaners. Although the air cleaners of the litigating parties are somewhat similar, they bear significant differences. The handles and controls are in different positions, and the respective trademarks are prominently displayed on the outside covering of the machines. *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir.1981) ("otherwise similar marks are not likely to be confused where used in conjunction with the clearly displayed name and/or logo of the manufacturer"); *Bose Corp. v. Linear Design Labs, Inc.*, 467 F.2d 304, 310 (2d Cir. 1972) ("there is hardly likelihood of confusion or palming off when the name of the manufacturer is clearly displayed"). Honeywell's mere assertion, without supporting evidence, of possible consumer confusion is unpersuasive. Fed.R.Civ.P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading"). *See Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 828 (Fed.Cir.1992) ("failure to proffer survey evidence ... suggests that the public is not likely to be confused"); *Fisher Stoves, Inc. v. All Nighter Stove Works, Inc.*, 626 F.2d 193, 194 (1st Cir.1980) (holding that there must be a substantial likelihood that the public will be confused as to the source of a product and that a "mere possibility" of confusion is insufficient).

In sum, the Court concludes that there are no genuine issues of material fact and that a reasonable jury could not return a judgment for Honeywell on its trade dress claims. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Because the round shape of the air cleaners is functional, and because Honeywell has failed to present evidence of a likelihood of consumer confusion as to the source of the various air cleaners at issue in this case, the Court will allow Duracraft's motion for summary judgment. *See Fisher Stoves, Inc.*, 626 F.2d at 195 ("functional features which are not the subject of a valid patent or copyright may be imitated with impunity"); *Pignons S.A. de Mecanique de Precision*, 657 F.2d at 486–87 ("[l]ikelihood of confusion is ... an essential element of a claim of trademark infringement, whether asserted under Massachusetts or federal law").

For the foregoing reasons, it is hereby ORDERED that Duracraft's Motion for Summary Judgment on Honeywell's claims of trade dress infringement is **ALLOWED**.