EFS MARKETING, INC., Plaintiff,

v.

RUSS BERRIE & COMPANY, INC., and Russell Berrie, Defendants.

No. 91 Civ. 5515 (JFK).

United States District Court, S.D. New York.

Oct. 25, 1994.

Paul, Hastings, Janofsky & Walker, New York City (Robert L. Sherman, of counsel), for plaintiff.

Weiss Dawid Fross Zelnick & Lehrman, P.C., New York City (Roger Zissu, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

### Introduction

Before the Court is the motion of Plaintiff, EFS Marketing, Inc. ("EFS"), pursuant to Fed.R.Civ.P. 59(e) and 60, as well as Civil Rule 3(j) of the Rules of the United States District Courts of the Southern and Eastern Districts of New York, to amend this Court's Findings of Fact and Conclusions of Law dated September 27, 1993, 836 F.Supp. 128 ("Findings and Conclusions"), so as to remove all references to the invalidity of Plaintiff's copyrights and the corresponding injunction prohibiting Plaintiff from using a copyright notice mark on its trolls. The Court assumes familiarity with those Findings and Conclusions. For the reasons stated below, the Court denies Plaintiff's motion.

Defendants, Russ Berrie, Inc. ("Russ") and its president, Russell Berrie, seek to clarify the troll dolls affected by the Court's copyright validity determination. The Court declines to narrow its earlier holding, and maintains that Plaintiff and Defendants are enjoined from placing a copyright notice mark on any of the trolls in their respective lines.

### Analysis

#### 1. Plaintiff's Motion to Amend.

Plaintiff EFS challenges the Court's invalidation of copyrights and enjoining of the use a copyright notice mark, as to its products only, claiming that the validity of its copyrights "simply had nothing to do with the lawsuit." (Pl.'s Mem. at 5.) The Court disagrees. An examination of Plaintiff's trolls, and therefore their attendant copyrights, was a necessary consequence of Plaintiff's claims.

Plaintiff's third cause of action asserted violation of Section 43(a) of the Lanham Act arising out of the Defendants' alleged false designation of copyright on Defendants'

trolls. In order to find for Plaintiff on that claim, the Court was required to compare and contrast Defendants' trolls with the public domain trolls of 1965, in order to determine the originality of Defendants' trolls. (*See Weissmann v. Freeman,* 868 F.2d 1313, 1321 (2d Cir.), *cert. denied,* 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 34 (2d Cir.1982); *L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486, 489–90 (2d Cir.1976) (*en banc*).) Plaintiff's first and second causes respectively alleged trade dress violation under Section 43(a)(1) of the Lanham Act and unfair competition under New York common law.[1] In order to find for Plaintiff on those claims, the Court was required to compare and contrast Defendants' trolls with Plaintiff's trolls, in order to determine whether Defendants' trolls were distinctive or likely to be confused with Plaintiff's trolls. (*See Two Pesos, Inc. v. Taco Cabana, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2753, 2758, 120 L.Ed.2d 615 (1992); *Villeroy & Boch Keramische Werke K.G. v. THC Systems, Inc.,* 999 F.2d 619, 620 (2d Cir. 1993); *The Paddington Corp. v. Attiki Importers & Distributors, Inc.,* 996 F.2d 577, 582–85 (2d Cir.1993); *Plus Products v. Plus Discount Foods, Inc.,* 722 F.2d 999, 1004–05 (2d Cir.1983); *Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.,* 973 F.2d 1033, 1048–49 (2d Cir.1992).) After performing these required examinations, the Court determined that Defendants' trolls were virtually indistinguishable from *both* the public domain trolls and Plaintiff's trolls. The Court necessarily acknowledged the obvious: that Plaintiff's trolls are virtually indistinguishable from the public domain trolls.

Plaintiff objects to the Court's recognition of this fact, asserting not only that the Court should have turned a blind eye, but that it was required so to do. On the contrary, in so far as it is a violation of Section 43(a) of the Lanham Act, (*see Eden Toys,* 697 F.2d at 37; *Sunset Lamp Corp. v. Alsy Corp.,* 698 F.Supp. 1146, 1153 (S.D.N.Y.1988)), the Court is required to address the use of a copyright notice mark on products that do not satisfy originality requirements. (*See,*

*e.g., L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486, 490 (2d Cir.) (*en banc*), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976).)

Plaintiff's reliance on *Doubleday* is misplaced. There, the court barred recovery, citing plaintiff's waiver despite defendant's failure to raise that defense as required under Rule 8(c). (*See Doubleday & Co., Inc. v. Curtis,* 763 F.2d 495, 502–03 (1985).) The Second Circuit noted that the District Court erred in raising and ultimately resting on an inquiry into waiver that was not presented by either party. In contrast, the Court here engaged only in the specific examinations into originality, uniqueness, and likelihood of confusion required by Plaintiff's claims, and fully presented by parties. That Plaintiff disagrees with the outcome does not constitute lack of notice or unfair surprise.

Plaintiff claims that no factual or legal record existed upon which the Court could rest the challenged conclusion that Plaintiff's trolls are virtually indistinguishable from the public domain trolls. As indicated above, however, parties were at all times aware of the two steps of comparison which the Court was required to undertake, and parties presented evidence as to those claims. The record is replete with testimony concerning the features of the public domain trolls, Plaintiff's trolls, and Defendants' trolls. (*See, e.g.,* R. at 101–02, 153–57, 171–72.) Numerous exhibits were introduced for the court's inspection, including catalogues, photographs, and virtually all of Plaintiff's and Defendants' trolls. In so far as the Court's determination required no additional evaluations, Plaintiff's assertion of an insufficient record is unfounded.

Plaintiff notes that its copyright registrations were not presented before the Court. Copyright registration is entitled to weight as "*prima facie* evidence of the validity of the copyright." (17 U.S.C. § 410(c).) However it is "not conclusive of the issue of copyrightability; it merely creates a [rebuttable] presumption of validity." (*Weissmann,* 868 F.2d at 1320; *Durham Indus., Inc. v. Tomy Corp.,*

---

1. Plaintiff's fourth cause of action, arising under the New York Consumer Protection Act, N.Y.Gen.Bus.L. § 349, was dismissed as inapplicable to the claims asserted.

194

630 F.2d 905, 908 (2d Cir.1980).) Having reviewed the original Dam troll and numerous RUSS and Norfin trolls, the Court found that the presumption was rebutted: the differences among Plaintiff's, Defendants', and the public domain trolls are simply too imperceptible to the casual observer to justify copyright protection.

Finally, Plaintiff notes that it "purposely chose the causes of action it wished to pursue in the subject litigation" and that it "therefore never placed its copyrights in issue." (Pl.Mem. at 5.) Plaintiff contends that the Court's reaching the issue of the validity of Plaintiff's copyrights absent an infringement claim or counterclaim violates traditional principles of due process. The Court disagrees. Not only was the issue of Plaintiffs's copyrights necessarily before the Court, as laid out above, but Plaintiff came seeking equitable relief. Among "the cardinal principles of our Anglo–American system of justice," (Pl.Mem. at 4 (quoting *Doubleday*, 763 F.2d at 502–03)), is that parties coming before the Court seeking equity must come with clean hands. Plaintiff came before the Court seeking to enjoin Defendants from improperly affixing copyright markings to products Plaintiff alleged were insufficiently distinctive from the public domain trolls. Yet Plaintiff, in the Court's judgment, engaged in the same conduct. As the maxim notes, "Equity delights in doing justice, and not by halves." Accordingly, even if Plaintiff's claims at law had not, as the Court determined they had, raised the validity of Plaintiff's copyrights, the Court could still properly enjoin Plaintiff and Defendants, which it has.

For the reasons set out above, Plaintiff's motion to amend is denied.

## 2. Defendants' request for clarification.

The record clearly indicates that both Plaintiff and Defendants presented before the Court through catalogues, photographs, and, most compellingly, actual dolls of myriad colors, costumes, and sizes, substantially all of the products in their respective lines of troll dolls. These exhibits, totalling scores if not hundreds of dolls, were reviewed by the Court in making its determination that the exhibits were substantially similar to the public domain trolls of 1965. Accordingly, the Court maintains its earlier holding. Plaintiff and Defendants remain enjoined from placing copyright notice marks on any of the trolls in their respective lines.

### *Conclusion*

For the reasons stated above, the Court declines to amend or modify its Findings of Fact and Conclusions of Law issued September 27, 1993. The injunction therein remains in effect, as noted above. The complaint and this motion having been dismissed, the Court orders this case closed and removed from its active docket.

**SO ORDERED.**