**Pedro Antonio APONTE–SANTIAGO,
Plaintiff, Appellant,**

**v.**

**Aurelio LOPEZ–RIVERA, etc., et
al., Defendants, Appellees.**

**No. 91–1461.**

United States Court of Appeals,
First Circuit.

Feb. 25, 1992.

Robert E. Schneider, Jr., for plaintiff, appellant.

Carlos Lugo–Fiol, Dept. of Justice, with whom Jorge E. Pérez–Díaz, Sol. Gen. and Anabelle Rodríguez, Deputy Sol. Gen., were on brief, for defendants, appellees.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and SKINNER,* District Judge.

TORRUELLA, Circuit Judge.

Pedro Antonio Aponte–Santiago appeals from summary judgment granted against him pursuant to Fed.R.Civ.P. 56. The issue to be decided is whether the district court erred when it concluded that appellant *failed to allege specific material facts to sustain a prima facie claim of political discrimination under 42 U.S.C. § 1983. We conclude that it did and reverse.*

### SUMMARY JUDGMENT AND STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp.*

---

* Of the District of Massachusetts, sitting by desig-     nation.

*v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989).

A "genuine issue" is one which must be referred to a fact finder because it could reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). Only those disputes over facts that might affect the outcome of the case under the applicable law are considered "material" for summary judgment purposes. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). In determining whether factual issues exist, the court must view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The summary judgment standard "remains particularly rigorous when the disputed issue turns on a question of motive or intent." *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 895 (1st Cir.1988). Our review of the district court's grant of summary judgment is plenary. *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 73 (1st Cir.1990).

## FACTUAL AND PROCEDURAL HISTORY

Viewing the facts in the light most favorable to appellant, the following record is established with regards to his allegation that he was demoted because of his political affiliation.

In his *sworn* complaint, appellant asserts that he entered the Puerto Rico Fire Service in 1969 as a fireman and rose through the ranks until he reached his present position as District Fire Chief II. The latter position was achieved pursuant to an inter-

im appointment made on September 5, 1984, by then Acting Fire Chief of the Fire Service, Rubén Rivera, who on said date appointed appellant provisional Fire Chief of the Ponce fire district. Thereafter, on December 22, 1984, appellant having completed his probationary period in a satisfactory manner, Mr. Rivera appointed him to the regular position of Fire Chief for that district. The position of Chief of the Ponce District is classified as District Fire Chief II pursuant to applicable statutes and regulations of the Commonwealth of Puerto Rico. Appellant "had, prior to September 5, 1984, approved and passed all of the tests, evaluations and other criteria for promotion to the position of District Fire Chief II." [1]

Meanwhile, in November, 1984, general elections were held in Puerto Rico and the Popular Democratic Party ("PDP") won the gubernatorial seat. The New Progressive Party ("NPP"), thus lost control of the executive branch of the Commonwealth government.

In January, 1985, appellee Aurelio López–Rivera, "a prominent and active member [ ] of the PDP," [2] was appointed Fire Chief of the Service. On March 27, 1985, López–Rivera replaced appellant [3] as Fire Chief for Ponce. Appellant, however, was not given any notice of his replacement until April 9, 1985 when he received a written communication from appellee Edwin Bernal–Medina, the Fire Zone Chief for the southeast of Puerto Rico. Appellee Bernal–Medina, "who is a prominent and active member[ ] of the PDP," [4] was aware of appellant's "membership and affiliation with the NPP." [5] Thereafter, appellant was informed that his personnel file indicated that he held a District Chief I position, yet he claims that he was never notified of his removal or demotion from his position as District Chief II. Appellant claims that his removal, replacement and demotion were the result of political animus against him by appellees.

1. Complaint ¶ 14.

2. *Id.* at ¶ 28.

3. *Id.* at ¶ 29.

4. *Id.* at ¶ 28.

5. *Id.* at ¶ 29.

Appellees filed a motion for summary judgment raising several issues: (1) whether the personnel action against appellant amounted to political harassment under the standard set forth by this circuit in *Agosto de Feliciano v. Aponte Roque*, 889 F.2d 1209 (1st Cir.1989),[6] (2) whether appellees were entitled to qualified immunity and (3) whether appellees were entitled to Eleventh Amendment immunity. Additionally, appellees alleged that appellant's promotion to the position of Fire Chief II and Fire Chief of Ponce was illegal because he failed to pass a mandatory second test for District Chief II, which was given on August 30, 1984.[7] In support of appellees' motion, the following documents were attached:

(1) A request by Fire Chief Rubén H. Rivera to promote appellant to District Chief II, dated August 8, 1984.

(2) A letter dated August 14, 1984 from the legal officer of the Personnel Office, requesting additional information from Chief Rivera.

(3) "An Unopposed Promotion–Transmittal Sheet" (Personnel Office Form—COPA–18) for appellant, which indicates that as of August 30, 1984 appellant had not passed his examination.

(4) A "Proposal for Promotion Without Opposition" (COPA–17) for appellant, dated August 8, 1984 and signed by Chief Rivera. The form indicates that the promotion was "denied," with an indication, "Did not pass examination."

(5) A letter dated September 4, 1984 from José G. Meléndez, Chief, Recruitment Division of the Personnel Office, to Isaías Hernández–Vives, Deputy Chief of the Fire Department, indicating to him that appellant could not be promoted to Fire Chief II because he "took and did not pass [the] examination."

(6) A letter dated September 5, 1984 to appellant from Fire Chief Rivera appointing him "as Acting Chief of the Ponce District."

(7) A letter dated September 13, 1984 from José Roberto Feijó, Director of the Central Office of Personnel Administration, to Fire Chief Rivera, informing him that the promotion to District Chief II, Ponce District, had been exempt from the prohibition contained in Puerto Rican law against pre and post electoral personnel transactions.

(8) A letter dated December 22, 1984 from Fire Chief Rivera to appellant, designating him permanent Chief of the Ponce District.

(9) A memorandum dated March 27, 1985 to Luis Raúl Roig informing Roig that his reinstatement to District Chief II of Ponce is effective as of April 1, 1985, signed by appellee Aurelio López–Rivera as Fire Chief.

(10) A letter dated April 30, 1985 from appellee López–Rivera, in response to appellant's April 9 letter, informing him that his correct position was that of Fire Chief I.

Appellant opposed the motion for summary judgment, challenging the allegation that he did not meet the upgrading requirements to the Fire Chief II position. He presented a copy of a Personnel Office qualification notice (OP–4e form), postmarked August 25, 1978, informing appellant that he passed the Fire Chief II examination with a final grade of 88.88. Appellant alleged that he never received notification of his failing the 1984 test, and contended that none of appellees' documents establish his receipt of said notification.

Appellant unsuccessfully requested production of the 1984 test and his score therein, and proof that he was notified of the test results. Notwithstanding efforts by

6. *Cf. Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

7. According to appellees a new test was required of appellant, notwithstanding his having taken and passed a prior examination, because "regulations approved by OCAP require that when the unopposed promotion of an employee is requested, the employee must pass the examination determined by OCAP." Appellants' Brief, p. 3 n. 1. We cannot say that the regulation alluded to in the appendix leads us to the same conclusion.

appellant's counsel to said effect, appellant has as yet not been furnished these documents.

In granting summary judgment the district court failed to reach or decide any of the three principal contentions raised by appellees' motion. Instead, the court ruled that since plaintiff took and failed the 1984 promotion test during an NPP administration, he would be unable to prove at trial that appellees' actions were "the substantive or motivating factor underlying his 'demotion'" and thus would be unable to ultimately prove political discrimination. Opinion and Order at 6 (citing *Kauffman v. Puerto Rico Telephone Co.*, 841 F.2d 1169, 1172 (1st Cir.1988)). The court ruled that the change in political party control at the time of his demotion was not sufficient to establish a *prima facie* case of political discrimination, because appellant's promotion should not have taken place in the face of his 1984 examination failure. That appellant challenged that failure and that defendants failed to produce the related documents, the court concluded, was irrelevant. The court ruled that "[w]hat is on point is whether plaintiff was in fact demoted for failure to affiliate with and support the PDP," an issue which according to the district court appellant failed to establish by "specific facts." [8]

## DISCUSSION AND CONCLUSION

■ Contrary to the view of the district court, we believe that the focus of our analysis must be on the personnel action that led to the *removal* of appellant from the position of Fire Chief II of the Ponce Fire District. We look to that juncture in time to determine whether there are any material facts in dispute sufficient to block summary judgment.

Appellant, under oath, claims he was a NPP member and that this was known by appellees, all PDP members, at the time they took the adverse personnel action against him. These contentions are not rebutted under oath, but in any event, must be assumed true for present purpose. *See ante* at 41. The crux of the summary judgment issue here is appellees contention that appellant was demoted from his position as Fire Chief II because he failed to pass the test for that position. Appellant, however, has refuted that contention, producing evidence of his previously passing that test, denying receipt of any failure notification as required by Commonwealth law, and challenging appellees to produce evidence of said failure.[9] Appellees argue that even proof of appellant's passage of the test is immaterial because, they allege, such evidence fails to raise an issue regarding a material fact in that it adds nothing to the "real" issue of whether appellant's political affiliation was the motivating factor in appellees' decision to demote him.

This, of course, is a totally spurious argument. If in fact appellant can prove that he did pass the test a second time, assuming such a procedure was required, an issue is raised regarding the possible *pretextual* nature of appellees' actions, which in view of their refusal to produce proof of appellant's alleged examination failure, could raise a fair inference of bad faith. *See, e.g., Acosta–Sepúlveda v. Hernández–Purcell*, 889 F.2d 9, 12 n. 2 (1st Cir.1989). Considering the timing of the demotion after a change in administration, and keeping in mind the uncontested claim that appellees' knew of appellant's political affiliation, the factual issue regarding the passing or failure of the test is a link in a chain of circumstantial evidence which could, if eventually proven, sustain a claim of violation of appellant's civil rights. *Cf. Rutan v. Republican Party of Illinois, supra; Anthony v. Sundlun*, 952 F.2d 603 (1st Cir.1991) (no "smoking gun" required to show political motivation).

It is thus clear that there is a factual dispute which should have prevented the district court from resolving this matter by way of summary judgment. *See Catrone v. Thoroughbred Racing Associations*, 929

---

**8.** Opinion and Order at 7–8.

**9.** It should be noted that during oral argument appellant's counsel offered to withdraw the suit if appellees offered proof of appellant's test failure. Apparently the offer has not borne fruit.

F.2d 881 (1st Cir.1991) ("[S]ummary judgment is to be used sparingly when intent or motive is at issue") (citations omitted). On remand, the district court should order production of the examination and the results thereof as requested by appellant.

*Reversed* and *remanded.*