FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,

v.

INLAND INDUSTRIES, INC., Defendant.

Civ. A. No. 93–40064–NMG.

United States District Court,
D. Massachusetts.

Nov. 29, 1994.

Lawrence R. Kulig, Goldstein & Manello, Boston, MA, for plaintiff.

Michael J. Tuteur, John J. Rosenberg, Epstein, Becker & Green, P.C., Boston, MA, Richard Abelson, Abelson & Turner, White Plains, NY, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, the Federal Home Loan Mortgage Corporation, commonly referred to as "Freddie Mac" ("FHLMC"), brought this action against the defendant, Inland Industries, Inc. ("Inland"), seeking to recover certain monies allegedly owed to it under a promissory note and rider agreement executed by Inland.

FHLMC has moved for summary judgment. For the reasons stated below, the Court will allow the motion, in part, and deny the motion, in part.

## I. BACKGROUND

The relevant facts are recited in the light most favorable to Inland, the non-moving party. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

On January 2, 1990, Inland executed a Multi–Family Note ("the Note") in the amount of $4,600,000 in favor of J.I. Kislak Mortgage Corp. ("Kislak"). At that same time, Inland executed a Multi–Family Mortgage ("the Mortgage") as security for the Note, and Inland and Kislak entered a Prepayment Rider Agreement ("the Rider").[1] One week later, on January 9, 1990, Kislak assigned the Note, the mortgage and the Rider to FHLMC.

Inland defaulted under the Note by failing to make timely principal and interest payments for the months of January, February and March, 1993. FHLMC notified Inland of the default on March 16, 1993, and accelerated the unpaid principal and interest due. Because Inland failed to cure the default, FHLMC conducted a foreclosure sale of the mortgaged property on June 25, 1993. At that sale, FHLMC submitted the high bid of $2,800,000, leaving a significant deficiency under the Note.

In this action, FHLMC seeks to collect certain amounts that it alleges it is owed by Inland under the Note. Inland denies liability because it claims that, under the non-recourse provision of the Note, it is not personally liable for those amounts. FHLMC rebuts that argument by asserting that the non-recourse provision of the Note is limited and applies only to principal and interest payments, not to the other expenses which it is claiming in this case.[2]

1. The mortgaged property is located at 75–87 Park Avenue in Worcester, Massachusetts.

2. The limited non-recourse provision of the Note provides:

> In any action commenced to enforce the obligation of the undersigned ... to pay principal and interest under the Note, the judgment shall not be enforceable personally against the Borrower or the Borrower's assets, and the recourse of the Note Holder for the collection of such amounts shall be limited to actions

## II. DISCUSSION

The plaintiff, FHLMC, has moved for summary judgment. It argues that there are no material facts in dispute and that, under the express terms of the Note, Inland is personally liable to FHLMC for the following amounts:

| | |
|---|---|
| Late Fees | $12,607.92 |
| Negative Escrow (Property Insurance) | $8,748.91 |
| Auctioneer | $5,294.41 |
| Appraisal | $6,000.00 |
| Environmental Report | $2,966.00 |
| Attorney Fees | $30,440.00 |
| Collection and Foreclosure Costs | $3,570.84 |
| Default Interest | $88,542.08 |
| Prepayment Premium | $290,934.44 |
| Total | $449,104.60 |

### A. Summary Judgment Standard

Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to Inland, the nonmoving party, and indulge all reasonable inferences in its favor. *O'Connor,* 994 F.2d at 907.

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the non-moving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106

against (1) the Property described in the Security Instrument executed by the Borrower to secure the Note; (2) the rents, profits, issues, products, and income from the Property; and (3) any other collateral held by the Note Holder as security for the Note.

The Borrower shall be personally liable for the payment of all other amounts payable under the Note and for the performance of all other covenants in the Security Instrument.

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera*, 957 F.2d 40, 41 (1st Cir.1992) (*citing Anderson*). The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

### B. The Limited Non–Recourse Provision of the Note

 This case turns on the interpretation of the Note and, more specifically, the interpretation of the Note's limited non-recourse provision. *See supra*, note 2. General Massachusetts contract law governs the interpretation of that provision. *See* Note at 2 (stating that the Note is "governed by the law of the jurisdiction in which the Property subject to the Mortgage or Deed of Trust is located").

 Under Massachusetts law, it is well-settled that the interpretation of an unambiguous contract is a matter of law. *Baybank Middlesex v. 1200 Beacon Properties, Inc.*, 760 F.Supp. 957, 963 (D.Mass.1991). If a contract is ambiguous, however, a question of fact for the jury may be presented, unless the external evidence "presented about the parties' intended meaning [is] so one-sided that no reasonable person could decide the contrary." *Boston Five Cents Savings Bank v. Dept. of Housing and Urban Development*, 768 F.2d 5, 8 (1st Cir.1985); *See also Baybank Middlesex*, 760 F.Supp. at 963. Whether a contract is ambiguous or unambiguous is a question of law for the Court. *Allen v. Adage, Inc.*, 967 F.2d 695, 698 (1st Cir.1992).

In the instant case, Inland denies that it is personally liable for any amount under the Note because, it argues, the Note was fully non-recourse. The Note expressly provides, however, that Inland *is* personally liable for all amounts under the Note other than "principal and interest." Accordingly, this Court finds as a matter of law that Inland is liable to FHLMC for those amounts that are not principal or interest. *See Baybank Middle-*

*sex*, 760 F.Supp. at 963. The Court, therefore, will allow FHLMC's motion for summary judgment with respect to those "other amounts" as follows:

| | |
|---|---|
| Late Fees | $12,607.92 |
| Negative Escrow (Property Insurance) | $8,748.91 |
| Auctioneer | $5,294.41 |
| Appraisal | $6,000.00 |
| Environmental Report | $2,966.00 |
| Attorney Fees [3] | $30,440.00 |
| Collection and Foreclosure Costs | $3,570.84 |
| Total | $69,628.08 |

FHLMC argues that the default interest and the prepayment premium also should be included as amounts for which Inland is personally liable. FHLMC contends that 1) default interest and the prepayment premium are not "interest" but rather penalty provisions that compensate FHLMC for the costs of Inland's default, and 2) the Note is non-recourse only with respect to principal and interest on the principal—$1,727,759.31 and $272,972.97 respectively.

Inland, on the other hand, argues that the default interest and prepayment premium are disguised interest for which it is not personally liable. Inland asserts that the default interest, which is the standard interest rate plus four percent, merely revises and takes the place of the interest on the principal and is thus still "interest." Moreover, Inland argues that the prepayment premium, which is calculated according to a complex formula in the Rider, and based upon prevailing interest rates, was designed to compensate FHLMC for the interest payments that it lost due to Inland's default. Finally, Inland has submitted an affidavit of its attorney and vice president, Mr. Richard Abelson, stating that, from the outset, the parties intended the Note to be fully non-recourse.

The Court finds that the Note is ambiguous as to whether default interest and/or the prepayment premium constitute "interest," for which Inland would not be personally liable, or "other amounts," for which Inland would be personally liable. Because the non-recourse provision of the Note is ambiguous, and because the external evidence is not sufficiently one-sided to resolve the ambiguity, this case raises a question of fact that

---

**3.** In its oral argument, Inland opposed the calculation of attorney fees because, it contended, FHLMC was, in effect, wasting funds on an attorney in a vain effort to recover monies to which it was not entitled. The Court, however, has concluded that FHLMC is, in fact, entitled to recover certain amounts from Inland under the Note, and that FHLMC therefore should be reimbursed for attorneys fees incurred in its not so vain effort.

must be preserved for the jury. *See Id.; Boston Five Cents Savings Bank,* 768 F.2d at 8. There are material issues of fact regarding the interpretation of the Note, and therefore this Court will deny FHLMC's motion for summary judgment with respect to the amounts claimed as default interest and prepayment premium. *See Boston Five Cents Savings Bank,* 768 F.2d at 8 (holding that disagreement between the parties and lack of clear evidence supporting an unambiguous interpretation of the contract foreclosed summary judgment); *see also Allen,* 967 F.2d at 698.

### ORDER

For the foregoing reasons, FHLMC's motion for summary judgment is **ALLOWED**, in part. The Court finds Inland liable to FHLMC for the following amounts:

| | |
|---|---|
| Late Fees | $12,607.92 |
| Negative Escrow (Property Insurance) | $8,748.91 |
| Auctioneer | $5,294.41 |
| Appraisal | $6,000.00 |
| Environmental Report | $2,966.00 |
| Attorney Fees | $30,440.00 |
| Collection and Foreclosure Costs | $3,570.84 |
| Total: | $69,628.08 |

FHLMC's motion for summary judgment with respect to the amounts it claims as default interest and prepayment premium is, however,

**DENIED.**

So Ordered.