In re Manuel F. BOU CARRO & Carmen Hilda Diaz Llavona, Debtors.

PCS HEALTH SYSTEMS,
INC., Plaintiffs,

v.

Manuel F. BOU CARRO & Carmen
Hilda Diaz Llavona,
Defendants.

Bankruptcy No. B95–06321 (ESL).
Adversary No. 96–0006.

United States Bankruptcy Court,
D. Puerto Rico.

April 10, 1997.

---

Trias & Melendez, Hato Rey, PR, for PCS Health Systems.

José F. Cardona Jimenez, Hato Rey, PR, for defendant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the court upon the cross motions for summary judgment filed by debtors Manuel Bou Carro and Carmen Hilda Diaz Llavona ("Debtors"), and by plaintiffs and creditors, PCS Health Systems ("PCS"). There are a number of documents for the court to consider at this time: a Motion for summary judgment (Docket No. 16) filed by Debtors; a Motion for entry of judgment (Docket No. 20) filed by PCS; a Motion opposing entry of judgment (Docket No. 21) filed by Debtors; a Reply to motion for summary judgment and cross-motion for summary judgment (Docket No. 22) filed by Debtors; a Statement of uncontested facts and brief (Docket No. 23); and Plaintiff's motion to strike (Docket No. 24).

This is an action to determine whether Debtor-defendants' debt toward PCS, which amounts to $669,749.44 is dischargeable. Creditor-plaintiff PCS argues that the debt arose from moneys obtained from PCS through false pretenses, false representations and fraud; thus, not be dischargeable under § 523(a)(2)(A).

## BACKGROUND

On September 2, 1993 debtor Manuel F. Bou Carro entered a plea agreement with the United States Attorney pleading guilty to Counts One and Two of an indictment charging violations of Title 18, U.S.C. § 1341 on Fraud and Swindles. The plea agreement mentioned that restitution had to be made.

On December 16, 1993 Mr. Bou Carro was sentenced to serve five (5) months of imprisonment as to each count, to be served concurrently with each other, followed by a two-year supervised release term as to each count to also be served concurrently. No order regarding restitution was made at that time.

On March 3, 1994 the U.S. Attorney requested that restitution be imposed in the case pursuant to the plea agreement. The district court granted the request and imposed restitution, but did not specify an amount.

Debtors filed bankruptcy case 95–06321 on October 19, 1995. The filing stayed a pending case in the Superior Court of Puerto Rico filed by PCS against the debtors for collection of a $669,749.44 debt plus $100,000 in damages to business reputation. PCS filed the instant complaint on January 18, 1996, claiming that the amounts owed by debtors to PCS were obtained by fraud, and are therefore not dischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

The amount of money mentioned in the indictment is $864,346.00, and on February 21, 1995, the Court granted a motion by the Probation Department amending the restitution to that amount. The controversy arises because PCS claims it lost the amount of $1,225,291 due to Mr. Bou Carro's fraudulent behavior, so that should be the amount to be restituted. Since PCS has already recovered the sum of $555,541.56, it claims the balance of $669,749.44 plus interest at 7% since February 1, 1993. However, debtors claim they owe PCS only $189,589.00, which is the balance of $864,346.00, the amount ordered for restitution, less the amount of $674,757.00 admitted by Plaintiff as received.

## DISCUSSION

### Summary judgment standard

Summary judgment may be entered if:

the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). According to this standard the party opposing the motion must show that there is an issue of fact that is both genuine and material. *Annabelle Lipsett v. University of Puerto Rico, et al.,* 864 F.2d 881, 894 (1st Cir.1988). An issue of fact is genuine if it "must be referred to a fact finder because it could reasonably be resolved in favor of either party". *Pedro Antonio Aponte Santiago v. Aurelio Lopez–Rivera, et al.,* 957 F.2d 40, 41 (1st Cir.1992). That is, the court must determine if on the evidence presented it could issue a decision in favor of the movant or if the existence of an issue of fact impedes the final resolution of the case. *Lipsett,* 864 F.2d at 894.

Issues of fact considered material are only those which could vary the outcome of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Aponte–Santiago,* 957 F.2d at 41. As to the materiality of an issue of fact the Supreme Court has stated that

[t]he question is not whether there is literally no evidence favoring the non-movant, but whether there is any upon which a jury could properly proceed to find a verdict in that party's favor.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"In determining whether factual issues exist, the court must view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party." *Aponte–Santiago,* 957 F.2d at 41; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment must present its own affidavits, depositions, answers to interrogatories or admissions on file to "set forth specific facts showing that there is a genuine issue for trial", and cannot rely on "mere allegations" to base their opposition. Fed.R.Civ.P. 56(e); *Lipsett* 864 F.2d at 894, 895. However, the court must never try to "weigh the evidence and determine the truth of the matter." *Lipsett,* 864 F.2d at 895 *citing, Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

### Dischargeability

Congress has fashioned various exceptions to the discharge of debts based on the reasoning that there are circumstances when the creditor's interest in being paid outweighs debtor's interest in a fresh start. These

exceptions are designed to penalize debtors for culpable acts as well as protect innocent creditors. *In re Menna*, 16 F.3d 7, 10 (1st Cir.1994). *American Express Travel Related Services Co., Inc. v. Hernandez*, 195 B.R. 824 (Bkrtcy.D.P.R.1996). These exceptions are contained in 11 U.S.C. § 523(a). The ones relevant to the case at bar are the following:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(a) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

■ Mr. Bou Carro pled guilty to committing fraud against PCS. As such, it is clear that under § 523(a)(2)(A) the debt created by this fraudulent behavior is not dischargeable. His guilty plea collaterally estops him from contesting that issue. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1979) (Collateral estoppel applies in discharge exception proceedings brought under U.S.C. § 523(a)); *American Express Travel Related Services Co.*, supra, at 828.

■ The situation is different as to Mrs. Diaz Llavona, Mr. Bou Carro's wife and conjugal partner in the joint petition. Mrs. Diaz Llavona was not indicted, nor did she plead guilty. Therefore, she is not collaterally estopped from litigating the dischargeability issue on her own behalf. In determining dischargeability of one partner's debts based on copartner's fraud, the marital relationship is irrelevant, and liability turns on the nature of the business relationships between spouses as partners. *Luce v. First Equipment Leasing Corp. (In the Matter of Luce)*, 960 F.2d 1277 (5th Cir.1992). The court lacks evi-

dence regarding Mrs. Diaz Llavona's involvement in the business partnership and thus reserves judgment on the issue of dischargeability of her debts.

### Amount of non-dischargeable debt

The main controversy at bar is wholly regarding the amount of the non-dischargeable debt. The indictment which Mr. Bou Carro pled guilty to specifies the amount as $864,346.00. That was also the amount that the court ordered to be restituted in the February 21, 1996 order. Debtors have already returned $555,541.56. However, PCS claims to have evidence that the amount obtained by debtors through fraudulent actions totals $1,225,291. PCS alleges that Mr. Bou Carro admitted that amount through counsel and that they committed to a plan to repay the debt.

■ Again, there can be no argument concerning the original amount debtor pled guilty to and ordered for restitution by the court. That amount, originally $864,346.00 and now down to $189,589.00, is clearly non-dischargeable.

■ Debtors contest the rest of the amount claimed by PCS, arguing that the audit by PCS was inconclusive, and that evidence of any admissions is inadmissible. Clearly, there are a number of material and genuine issues of fact to be resolved. As such, summary judgment must be denied in respect to the rest of the damages, and the issue must be litigated by the parties [1].

■ Debtors also claim that the claim for damages is time barred, because the one year statute of limitations has elapsed. (Article 1868 of the Civil Code, Ed.1930, 31 LPRA § 5298.) Debtor argues that PCS had actual knowledge of the alleged damage since December 16, 1993, the date of Mr. Bou Carro's sentencing, and refrained from filing this adversary proceeding until 1996.

---

**1.** Collateral estoppel does not bar the relitigation of *amount* of damages because although within the First Circuit, it is proper to bar relitigation of factual or legal issues that were actually decided in previous litigation between the parties (See

*American Express*, supra, at 828, citing *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (1st Cir.1994)), PCS was not a party in the previous action and has not had a chance to litigate the issue.

PCS filed a civil complaint against debtors in the Superior Court of Puerto Rico on March 11, 1994, only four months after the sentencing. Although debtors' bankruptcy filing stayed that proceeding, the fact is that PCS brought the claim in state court well within the statute of limitations.

## CONCLUSION

This court finds that there are sufficient material facts over which there is no genuine issue to grant partial summary judgment in favor of PCS to the $189,589.00 owed by Mr. Bou Carro. Therefore, that amount is not dischargeable under § 523(a).

However, there are not enough material facts before the court to determine if Mrs. Diaz Llavona's debt is also nondischargeable. Moreover, there is a factual dispute as to additional damages, any of which would also be non-dischargeable. Thus the motion for summary judgment is denied in respect to Mrs. Diaz Llavona, as well as regarding the additional amount claimed by PCS.

A pre-trial conference is set for June 27, at 10:00 a.m. to determine these issues.

SO ORDERED.