Wanda B. **GALDAUCKAS**, Plaintiff,

v.

**INTERSTATE HOTELS CORPORATION NO. 16, Vincent Dell'Olio, Collin Foran, Interstate Hotels Corporation No. 1007, and Marriott Hotel Corporation, Defendants.**

Civ. A. No. 92–40057–NMG.

United States District Court,
D. Massachusetts.

Sept. 18, 1995.

Wanda B. Galdauckas, Sutton, MA, pro se.

David R. Bohanan, Millbury, MA, for Wanda B. Galdauckas.

Louis M. Ciavarra, Bowditch & Dewey, Worcester, MA, Carol Chandler, Andrew L. Matz, Stoneman, Chandler & Miller, Boston,

MA, Arch Y. Stokes, John R. Hunt, Cassandra Kirk, Stokes & Murphy, Atlanta, GA, for Vincent Dell'Olio, Collin Foran, Interstate Hotels Corp., Marriott Hotel Corp., Interstate Hotel No. 16.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court are the motions of the defendants, Interstate Hotels Corporation No. 16 ("No. 16" or "the hotel"), Vincent Dell'Olio, Collin Foran, Interstate Hotels Corporation No. 1007 ("No. 1007"), and Marriott Hotel Corporation, now known as Marriott International Inc. ("Marriott Inc."), for summary judgment on the sixteen count complaint filed by the plaintiff, Wanda B. Galdauckas.

## I. FACTUAL BACKGROUND

Plaintiff worked as a waitress at the Worcester Marriott hotel restaurant, which is operated by No. 16, from 1981 until October 7, 1990. During that time she received sixteen written reprimands for infractions of the rules. In October, 1990, a fellow waitress, Grace Luongo, allegedly observed plaintiff taking money from a customer and giving him change. Luongo stated that plaintiff had not rung the transaction through the cash register and upon later investigation, plaintiff could not produce a register receipt. Plaintiff alleges that she allowed the customer to leave without paying because he did not have enough money. Later, a man paid $10 to the hotel's front desk, stating that it was for a meal he had ordered from plaintiff that day. Luongo testified that the man who paid the bill was not the same man she had seen that morning. After that incident, Galdauckas was placed on probation and was subsequently fired.

In her complaint, Galdauckas, who was 68 years old in 1990, alleges that she was fired because of her age. Galdauckas claims that the restaurant manager, Vincent Dell'Olio, continually harassed her about her age, encouraged other employees to make similar age-related comments (e.g. "You are a member of the Geritol Generation," "Wanda must have served the Last Supper"), and told her

that she should retire. Galdauckas claims that defendants' story regarding this alleged theft or breach of billing policy, has been manufactured by the hotel as a pretext for their decision to fire her because of her age. In the sixteen count complaint, plaintiff charges that the defendants violated federal and state age discrimination laws, and also committed commonlaw torts.

## II. LEGAL STANDARD

Summary judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court views the entire record in the light most favorable to the plaintiff, the nonmoving party, and indulges all reasonable inferences in her favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce*, 904 F.2d 740, 742 (1st Cir.1990), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the non-moving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera*, 957 F.2d 40, 41 (1st Cir.1992) *(citing Anderson)*. The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

## III. SUMMARY JUDGMENT MOTIONS BY NO. 1007 AND MARRIOTT INC.

Defendants No. 1007 and Marriott Inc. allege that they have no connection to the daily operation of the Worcester Marriott or to the events surrounding plaintiff's em-

ployment and discharge. Those defendants move for summary judgment on that ground.

### A. *Argument by No. 1007.*

Affidavits submitted by this defendant state that No. 1007 is located in Pittsburgh, PA and was created in order to operate the Springfield Sheraton Hotel. No. 1007 claims that it holds no stock in No. 16. Plaintiff alleges that all of the offensive actions took place in the Worcester Marriott, and there is no indication that plaintiff ever had contact with the Springfield Sheraton Hotel or No. 1007. Consequently, No. 1007 contends that plaintiff was not its employee, and that it is not properly named as a defendant in this case.

Defendants also argue that even if there were a formal corporate connection between No. 1007 and No. 16, that would not make No. 1007 liable for actions occurring at the Worcester Marriott because there is no evidence that No. 1007 1) controlled the employment practices and decisions at No. 16, or 2) dominated No. 16's operations.

### B. *Argument by Marriott Inc.*

Marriott Inc. contends that the only connection between itself and the Worcester Marriott is that the Worcester Marriott is licensed to use the "Marriott" trademark name and the Marriott Inc. reservation system. Marriott Inc. states that it is not involved with the day-to-day operation or management of the Worcester Marriott Hotel.

### C. *Discussion.*

Because there is no evidence to indicate that No. 1007 and/or Marriott Inc. had any connection to the Worcester Marriott or the events complained of by the plaintiff, the summary judgment motions submitted by Interstate No. 1007 and Marriott Inc. will be allowed.

## IV. MOTION FOR SUMMARY JUDGMENT ON THE AGE DISCRIMINATION CLAIMS

■ Plaintiff asserts that the defendants have violated 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act ("the

ADEA") (Count I), and M.G.L. c. 151B, the state anti-discrimination statute (Count II). In light of the recent decision of the Supreme Judicial Court in *Blare v. Husky Injection Molding Systems,* 419 Mass. 437, 646 N.E.2d 111 (1995), the state and federal statutes differ, and these claims will therefore be considered separately.

### A. *Analysis for violation of the ADEA.*

■ When the plaintiff in an action for age discrimination, in violation of the ADEA, produces no direct evidence of age discrimination, the case is governed by the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973). The analysis is as follows:

1) Plaintiff must make a prima facie showing of discrimination.

2) Defendant must rebut this prima facie case by articulating a legitimate, non-discriminatory reason for the decision to discharge the plaintiff.

3) Plaintiff must show that the employer's proffered reason is actually a pretext for age discrimination.

*Mesnick v. General Elec. Co.,* 950 F.2d 816, 823 (1st Cir.1991).

### B. *Prima facie showing of discrimination.*

■ In order to make a prima facie showing of discrimination in an age discrimination case, plaintiff must demonstrate that:

i) she was over the age of forty;

ii) her work was sufficient to meet her employer's legitimate expectations;

iii) her employer took adverse action against her; and

iv) the employer sought a replacement with roughly equivalent qualifications, thus revealing a continued need for the same services and skills.

If such points are shown, an inference arises that the employer discriminated against the plaintiff on account of her age. *Mesnick,* 950 F.2d at 823; *Menzel v. Western Auto Supply Co.,* 848 F.2d 327, 328 (1st Cir.1988).

■ In this case, plaintiff alleges that she was sixty-eight years old at the time of her termination, that her performance was suffi-

cient, that she was continually harassed and ultimately fired on account of her age, and that a new waitress was hired in her place. Because there is a factual dispute as to whether plaintiff's performance was sufficient, plaintiff presents a marginal, prima facie case.

### C. *Defendants' legitimate reason for the discharge.*

█ Defendants are required to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. This is a burden of production, not a burden of persuasion. Here, the defendants contend that plaintiff was discharged because of an incident which, they assert, at worst involved theft, and at best involved fund mismanagement. As outlined above, plaintiff allowed a customer to leave the restaurant without paying for his meal. When questioned about this event by Dell'Olio, plaintiff was unable to produce a cash register receipt for the meal, and instead gave Dell'Olio a cash register check from the previous day. The hotel requires servers to turn in their checks at the end of the day, and plaintiff was unable to explain why she was in possession of the old check.

█ Plaintiff does not contest the fact that she allowed the customer to leave without paying, but offers an explanation for her actions. Plaintiff insists that she did not steal from the restaurant, nor did she attempt to steal. Plaintiff alleges that she allowed the customer to leave in order to obtain money with which to pay his bill, and that she acted in accordance with the hotel's policy of maximizing customer satisfaction and dealing thoughtfully with an awkward situation. The hotel contends that in such a situation, plaintiff should have referred the problem to a manager. Plaintiff also contends that because her "good faith" in the customer was justified, because someone returned to pay the bill, the hotel suffered no harm and her discharge was unwarranted.

Finally, the hotel asserts that, as a result of the incident, plaintiff was placed on probation, and a meeting was held to discuss plaintiff's possible termination. Plaintiff did not attend that meeting, and shortly thereafter, she was discharged. She contends that she was not informed of the meeting and did not have a full opportunity to argue her version of the events. The defendants reply that plaintiff was given notice of the meeting and that she simply chose not to attend. They argue, that in light of the October 7, 1990 incident and the verbal and written warnings issued to plaintiff in the past, the hotel was justified in terminating plaintiff's employment.

### D. *Plaintiff's claim of pretext.*

Once the plaintiff has made a prima facie case of discrimination and the defendant has articulated its nondiscriminatory reason for the discharge, the burden shifting framework falls away. The First Circuit explained the third part of the *McDonnell Douglas* analysis in the summary judgment context as follows:

> At that juncture, the ultimate question becomes whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision. That is to say, so long as the employer's proffered reason is facially adequate to constitute a legitimate, nondiscriminatory justification for the employer's actions, the trial court's focus in deciding a Rule 56 motion must be on the ultimate question, not on the artificial striations of the burden-shifting framework.

*Mesnick,* 950 F.2d at 825.

The Court finds that the Worcester Marriott has articulated a legitimate reason for the plaintiff's discharge. Consequently,

> the plaintiff must offer some minimally sufficient evidence, direct or indirect, both of pretext and of the employer's discriminatory animus to prevail in the face of a properly drawn Rule 56 motion. *Id.*

In general, plaintiff asserts that the hotel terminated her employment not because of the above described incident or her historical failure to comply with company procedures, but because of her age. Plaintiff asserts that Dell'Olio continually harassed her about her age and threatened to terminate her employment.

Plaintiff argues that the following facts indicate that she would not have been fired but for her age:

1. She was subjected to verbal abuse on account of her age (including an incident where Dell'Olio wrote plaintiff's age on a birthday card which was circulated throughout the restaurant staff). Wayne Gorlich, a former executive chef at the restaurant, states that he heard Dell'Olio and others ridicule plaintiff because of her age.

2. The hotel performance and disciplinary policies were arbitrary and ill-defined.

3. The verbal and written warnings recorded in her personnel record were arbitrary and pretextual and imposed by Dell'Olio because of his bias against her.

E. *Defendants' Response.*

Defendants assert that the plaintiff has failed to meet her burden of showing pretext and discriminatory animus. They make the following points:

1. The crucial question is whether the employer believed its reason to be legitimate. *Mesnick*, 950 F.2d at 824, *citing Gray v. New England Telephone & Telegraph Co.*, 792 F.2d 251, 256 (1st Cir.1986). Based upon Luongo's testimony, plaintiff's response to the charge of misconduct, and the fact that the October, 1990 incident resulted in the third written warning that plaintiff had received within a twelve month period, it appears that the hotel believed its decision to discharge the plaintiff was legitimate.

2. Company policy provided for termination of an employee who received three written warnings within one year.

3. Dell'Olio claims that he did not make comments about plaintiff's age, and Luongo states that she did not hear any such comments.

4. Even if Dell'Olio did make ageist comments, Dell'Olio did not make, and was not in a position to make, the decision to terminate the plaintiff.

5. Even if Dell'Olio did make ageist comments to plaintiff, that single factor cannot carry the plaintiff's burden of proving discrimination. *See Medina–Munoz v. R.J.*

*Reynolds Tobacco Company*, 896 F.2d 5, 10 (1st Cir.1990) (where plaintiff's proffer of two alleged age-based remarks was insufficient to defeat a motion for summary judgment, because "[a] factfinder would be left to guess at the reason behind the pretext.")

6. In age discrimination cases, "where a company advances specific reasons for a discharge, the plaintiff's rebuttal evidence should be focused on those reasons." *Menzel v. Western Auto Supply Co.*, 848 F.2d 327, 330 (1st Cir.1988). Defendants contend that the allegations of Dell'Olio's harassment do not specifically rebut the hotel's proffered reasons for termination, and that plaintiff has provided no evidence to support her arguments with respect to the hotels' arbitrary enforcement of policies and unfounded criticism.

7. Plaintiff has not produced statistical evidence which shows that elderly employees have been disproportionately discharged, or that hotel policies have been arbitrarily enforced. Defendants, on the other hand, submit personnel records which indicate that:

> a) few of the employees who have been discharged in recent years have been over forty years old; and

> b) employees other than the plaintiff have been terminated for "failure to properly perform assigned duties of which employee was capable, despite warnings," (Code reason number 82).

F. *Discussion of the ADEA claim.*

■ For purposes of defendants' pending motion, the Court accepts plaintiff's allegation that Dell'Olio made certain comments about her age while she was working in the restaurant at the Worcester Marriott. That allegation alone, however, is insufficient to withstand summary judgment. The Court reaches its conclusion in light of the following facts:

1. Plaintiff admits that she failed to ring up a check, as required by restaurant policy, for the customer who left without paying on October 7, 1990.

2. Plaintiff does not explain why, in violation of restaurant policy, she was in possession of an October 6 check on October 7.

3. Plaintiff admits that she allowed the October 7 customer to leave the restaurant without paying his bill.

4. Plaintiff does not state specifically why three prior warnings she had received within the preceding twelve months for violations of hotel policies were unwarranted.

In light of the foregoing, it appears that even according to the plaintiff's version of the facts, the hotel was justified in terminating her employment. Furthermore, plaintiff's allegation that Dell'Olio was verbally abusive to her is insufficient to support a jury verdict in her favor on the ADEA claim because plaintiff has failed to present any other evidence to support a finding that the proffered reason for her discharge is pretext and that the true reason was discrimination.

Consequently, the Court finds that:

a) Plaintiff has failed to present any evidence of discriminatory application of hotel rules and policy.

b) Plaintiff has failed to show that Dell'Olio was the only manager to have criticized her work, and, to the contrary, plaintiff's personnel file documents instances over several years in which she was reprimanded for failing to follow restaurant procedures.

c) Dell'Olio did not make the final decision to discharge the plaintiff but rather, that decision was made by his superiors, the Director of Human Resources, and the General Manager.

d) Dell'Olio's comment on the plaintiff's birthday card and his other alleged discriminatory conduct toward her is insufficient evidence to support a charge of discrimination under the ADEA.

Therefore, the Court concludes that, based on the evidence presented by the plaintiff, no reasonable jury could find that the defendants' proffered reason for discharge is pretext *and* that the true reason for the discharge was discriminatory animus. The defendants' motion for summary judgment on Count 1 will be allowed.

### G. *Alleged Violation of M.G.L. c. 151B.*

The Supreme Judicial Court has recently distinguished M.G.L. c. 151B from the ADEA. As discussed above, under federal law, the plaintiff must prove that the employer's articulated reason for its decision is false and that the discrimination was the actual reason for plaintiff's discharge. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

Under Massachusetts law, the following analysis is used:

1) Plaintiff must make a prima facie case of discrimination.

2) Next, the employer must offer a legitimate, nondiscriminatory reason for the adverse employment action. Under c. 151B, the "employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons." *Wheelock College v. Massachusetts Commission Against Discrimination,* 371 Mass. 130, 138, 355 N.E.2d 309 (1976).

3) Finally, the plaintiff must produce sufficient evidence to show that the employer's reasons are pretextual. *Blare,* 419 Mass. at 446, 646 N.E.2d 111. Plaintiff is not required, pursuant to the state statute, to show the employer's discriminatory animus.

In distinguishing the state law from federal law, the SJC held in *Blare:*

We think that the better policy is to remain with our own precedent that, once a plaintiff has established a prima facie case and further shows either that the employer's articulated reasons are a pretext or by direct evidence that the actual motivation was discrimination, the plaintiff is entitled to recovery for illegal discrimination under G.L. c. 151B.

*Blare,* 419 Mass. at 444–45, 646 N.E.2d 111.

### H. *Discussion of M.G.L. c. 151B claim.*

In *Blare,* the SJC reversed a summary judgment in favor of the employer where the plaintiff produced evidence that: 1) he enjoyed a good work record, 2) the alleged violations occurred within four months of termination, 3) other similarly situated employees were not terminated for the same infractions, and 4) the employer commented on the

plaintiff's age—"aren't you too old for this job," and "few people retire from here."

The Court noted that "isolated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent," but that in that particular case the remarks did not stand alone. *Blare*, 419 Mass. at 447 n. 9, 646 N.E.2d 111, *citing, Fontaine v. Ebtec Corp.*, 415 Mass. 309, 314 n. 7, 613 N.E.2d 881 (1993). The Court in *Blare* concluded that a genuine issue of material fact existed as to whether the employer discriminated against the plaintiff on the basis of his age.

In the case at bar, the plaintiff offers little more than her allegations that Dell'Olio made ageist comments toward her. The Court finds that plaintiff has failed to produce sufficient evidence to support a jury verdict that the reason for discharge proffered by the hotel was pretextual. The defendants' motion for summary judgment on Count 2 will be allowed.

## V. ALLEGED VIOLATION OF M.G.L. c. 93, § 103

Plaintiff alleges in Count 3 that defendants committed age discrimination in violation of M.G.L. c. 93 § 103. The First Circuit Court of Appeals has held that M.G.L. c. 151B is the "exclusive state law remedy for employment discrimination complaints," and that it preempts any such claims brought under M.G.L. c. 93 § 103. *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 264 (1st Cir.1994), *citing, Woods v. Friction Materials Inc.*, 836 F.Supp. 899, 908 (D.Mass.1993). Accordingly, the defendants' motion for summary judgment on Count 3 will be allowed.

## VI. ALLEGED INTERFERENCE WITH ADVANTAGEOUS BUSINESS AND CONTRACTUAL RELATIONS

Plaintiff alleges in Counts 4 and 5 that Dell'Olio and Foran interfered with plaintiff's business and contractual relations with the Worcester Marriott, and that such actions led to the termination of her employment.

### A. *The Legal Standard.*

Under Massachusetts law, a supervisor who discharges or recommends discharge of an employee is not liable for interference with the employee's contract or business relations with the employer unless the supervisor's actions were motivated by actual malice. *Gram v. Liberty Mutual Ins. Co.*, 384 Mass. 659, 663, 429 N.E.2d 21 (1981). In the context of intentional torts, malice is defined as arising from improper motive or means, including age discrimination. *United Truck Leasing Corp. v. Geltman*, 406 Mass. 811, 816, 551 N.E.2d 20 (1990). "Malice may be shown by the proof of facts from which a reasonable inference of malice may be drawn.... Any reasonable inference of malice must, however, be based on probabilities rather than possibilities." *Gram*, 384 Mass. at 664, 429 N.E.2d 21 (citation omitted).

### B. *Discussion.*

In this case, plaintiff alleges that Dell'Olio harassed her because of her age, threatened to fire her, manufactured reasons to criticize her work, gave her a written warning for the unpaid check incident when such a reprimand was undeserved, and purposely failed to inform her of the meeting scheduled with hotel management to discuss her possible discharge. Plaintiff further contends that Foran was aware of Dell'Olio's behavior but failed to stop the "abuse."

In support of such charges, plaintiff offers the testimony of another employee who allegedly witnessed Dell'Olio making age-based remarks. Otherwise, plaintiff offers only her own testimony and conclusions. Furthermore, with respect to the unpaid check incident, which was the purported cause of plaintiff's discharge, plaintiff and the defendants agree on the salient facts, but dispute the interpretation thereof.

Plaintiff's only evidence of malice on the part of Dell'Olio is her charge that he made age-based remarks about her. Viewing the evidence in the light most favorable to the plaintiff, the Court finds that even if Dell'Olio commented on plaintiff's age, such an allegation is insufficient to support a jury finding that plaintiff's discharge was motivat-

ed by malice. Plaintiff admits that she allowed a customer to leave the restaurant without paying his bill, and does not contradict or explain the fact that she did not make a cash register check for that customer as required by restaurant policy. The hotel has offered a rational reason for discharging the plaintiff and she has presented insufficient evidence to allow a jury to find that it was more probable than not that her discharge was the result of Dell'Olio's malice. That is not surprising given the fact that Dell'Olio was not the final decisionmaker with respect to plaintiff's employment.

Plaintiff has presented even less evidence of malice on the part of defendant Foran, and therefore the claims against him for tortious interference with contractual and business relations must fail. Defendants' motion for summary judgment on Counts 4 and 5 of the complaint will be allowed.

## VII. ALLEGED INTERFERENCE WITH ADVANTAGEOUS BUSINESS AND CONTRACTUAL RELATIONS.

In Counts 6 and 7, plaintiff alleges that defendants have caused her to be unable to secure new employment.

### A. *Legal Standard.*

■ In order to succeed on a claim for wrongful interference with business and/or contractual relations, plaintiff must present evidence that:

1) she had established a business relationship or was about to enter into a contractual arrangement with a prospective employer;

2) the defendants knew about such relationship or arrangement;

3) the defendants intentionally and improperly interfered with said relationship or arrangement; and

4) she suffered a loss of advantage due to the defendants' conduct.

*Yovino v. Fish,* 27 Mass.App.Ct. 442, 445, 539 N.E.2d 548 (1989); *United Truck Leasing Corp. v. Geltman,* 406 Mass. 811, 816, 551 N.E.2d 20 (1990).

### B. *Discussion.*

■ Plaintiff alleges that she has applied to be a waitress at other hotels but that she has been unable to secure a new position. Plaintiff states that she has named the Worcester Marriott as a reference on job applications, but plaintiff admits that she does not know if the defendants were aware of, or interfered with, her other employment opportunities. The Court finds that plaintiff has failed to allege facts sufficient to support a claim for interference with business and/or contractual relations. Defendants' motion for summary judgment on Counts 6 and 7 of the complaint will be allowed.

## VIII. ALLEGED BREACH OF CONTRACT.

Plaintiff asserts that because she provided services and the defendants paid her for such services, she had an employment contract with the defendants. She further contends that the Employee Handbook issued by the defendants partially delineated the terms of the contract because it set forth the rights and responsibilities of the parties. In Count 8 of the complaint, plaintiff alleges that she was terminated in contravention of the terms of her employment contract.

### A. *Legal Standard.*

■ It is settled law in Massachusetts that:

> where an employment contract, be it express or implied, contains no definite period of employment, it establishes employment at will. Employment at will is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all, [subject to certain exceptions such as discrimination based on age].

*Jackson v. Action for Boston Community Development, Inc.,* 403 Mass. 8, 9, 525 N.E.2d 411 (1988).

■ An employment handbook does not form the basis of an employment contract unless a plaintiff establishes "all of the elements ordinarily necessary for the formation of a contract." *Biggins v. Hazen Paper Co.,* 953 F.2d 1405, 1421 (1st Cir.1992), *vacated on*

*other gds.,* —— U.S. ——, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). Because plaintiff has not alleged the essential elements, her claim for breach of contract must fail.

### B. *Discussion.*

The Employee Handbook at issue in this case is similar to the one found in *Jackson,* and similarly, it is insufficient to form the basis of an employment contract. The *Jackson* Court found that:

1) the employment manual stated that it contained information for the purpose of guidance;

2) the employer, via the manual, reserved the right to make unilateral changes to the manual;

3) the manual did not provide for a set term of employment; and

4) the manual was not subject to or the result of negotiations between the employee and the employer.

The Supreme Judicial Court concluded that the plaintiff presented insufficient evidence to support a jury finding that the handbook formed the basis of an employment contract. Consequently, the Court found that the plaintiff was an employee at will and affirmed summary judgment for the defendant on the breach of contract claim.

Considering the facts of this case in the light most favorable to the plaintiff, the Court finds that:

1) The handbook states that it "is not a contract of employment for any set time or duration."

2) The handbook purports to be "a statement of present policies and benefits."

3) The employer expressly reserves the right, via the handbook, to change all or any part of the handbook at any time.

4) There is no evidence that the terms of the handbook were subject to or the result of negotiations between plaintiff and the defendants.

Consequently, the Court finds that the Employee Handbook at issue in this case cannot be found to be the basis of an employment contract between the defendants and the plaintiff.

Furthermore, the facts indicate that, with respect to plaintiff's discharge, the defendants did, in fact, follow the procedures set forth in the Employee Handbook. In particular, the handbook provides that a party may be terminated after receiving three written warnings within a twelve month period, and plaintiff's personnel records indicate that the October, 1990 incident resulted in her third written warning within a year. While plaintiff contends that handbook procedures were not followed, she fails to direct the Court's attention to any particular provision which was allegedly violated. Therefore, even if the defendants were contractually bound to follow the handbook procedures, plaintiff has failed to present evidence that they did not. The defendants' motion for summary judgment on Count 8 will be allowed.

### IX. ALLEGED WRONGFUL TERMINATION AND VIOLATION OF M.G.L. c. 12, § 11I.

#### A. *Wrongful Termination Claim.*

Plaintiff contends, throughout her complaint, that the defendants terminated her employment because of her age. The Massachusetts courts have repeatedly held, however, that M.G.L. c. 151B is the sole remedy under state law for age discrimination claims and that there is no common-law action for termination of an at-will employee because of age. *Melley v. Gillette Corp.,* 19 Mass.App.Ct. 511, 513, 475 N.E.2d 1227 (1985), *aff'd,* 397 Mass. 1004, 491 N.E.2d 252 (1986); *Mouradian v. General Electric Company,* 23 Mass.App.Ct. 538, 541, 503 N.E.2d 1318 (1987). Consequently, the motion by the defendants for summary judgment on Count 9, wrongful termination, will be allowed.

#### B. *Civil Rights Claim.*

Massachusetts courts have also recognized that a claim by an employee who is allegedly discharged because of her age cannot be brought under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. Such claims are likewise preempted by M.G.L. c. 151B. *Mouradian,* 23 Mass.App.Ct. at 543,

503 N.E.2d 1318; *Bester v. Roadway Express, Inc.,* 741 F.Supp. 321, 322 (D.Mass. 1990). Moreover, plaintiff has presented no evidence that the defendants used "threats, intimidation or coercion" or interfered with her legal rights. M.G.L. c. 12, § 11I. The defendants' motion for summary judgment on Count 16 of the complaint will be allowed.

## X. ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. (COUNTS 10, 11 AND 13).

In Count 10 plaintiff alleges that Dell'Olio 1) verbally abused her and made negative comments about her age, and 2) forced her to work near the sterno fumes of the Sunday brunch buffet, thereby aggravating her asthma. She asserts that Foran and the hotel were aware of the circumstances but failed to stop or prevent them. Plaintiff contends that as a result of that abuse, she suffered physical, mental and emotional harm.

A. *Intentional Infliction of Emotional Distress and Assault.*

■ Plaintiff's claim for intentional infliction of emotional distress is barred under the Workers' Compensation Act, M.G.L. c. 152 §§ 24, 29, if the acts complained of occurred during the course of plaintiff's employment and in the exercise of the supervisory duties of Dell'Olio and/or Foran. *Mullen v. Ludlow Hosp. Soc.,* 32 Mass.App.Ct. 968, 970, 592 N.E.2d 1342 (1992). If, however, the record, when viewed in the light most favorable to the plaintiff, shows that Dell'Olio's actions were not within the scope of his employment and in furtherance of the hotel's interests, then an action for an intentional tort will lie against Dell'Olio individually. *Anzalone v. Mass. Bay Transp. Authority,* 403 Mass. 119, 124, 526 N.E.2d 246 (1988), *citing, O'Connell v. Chasdi,* 400 Mass. 686, 690, 511 N.E.2d 349 (1987).

■ The Court finds that plaintiff's alleged assignment to a work station that was exposed to sterno fumes occurred within the course of her employment and Dell'Olio's exercise of managerial discretion. Consequently, plaintiff's exclusive remedy is under the Workers' Compensation Act, and defendants' motion for summary judgment on Count 11 of the complaint will be allowed.

Plaintiff further alleges, however, that Dell'Olio verbally abused her, manufactured reasons to criticize her job performance and worked to terminate her employment. She contends that Foran and the hotel management knew about this abuse and participated in the effort to discharge plaintiff because of her age.

■ Plaintiff's allegations against Foran consist of charges that Foran failed to stop Dell'Olio's abusive behavior in violation of his duty to guide and discipline employees in his capacity as hotel manager. The complaint against Foran involves alleged conduct within the course of his employment, and are therefore barred by the Workers' Compensation Act and plaintiff's failure to give notice of her intent to preserve her commonlaw rights as required by M.G.L. c. 152, § 24. The motion for summary judgment on Count 10, as it relates to Foran and the hotel, will be allowed.

■ The allegations against Dell'Olio present a different case. Plaintiff contends, in part, that Dell'Olio falsely and unjustly criticized her work and issued undeserved written and verbal warnings to her. In general, Dell'Olio, as plaintiff's supervisor, had a duty and a right to criticize her work, and such actions are deemed to have occurred within the course of Dell'Olio's employment. To the extent that plaintiff's allegations involve claims regarding actions occurring within the course of her own and Dell'Olio's employment, Dell'Olio's motion for summary judgment on Count 10 will be allowed.

But plaintiff's allegations do not end there. She further contends that Dell'Olio made age-based comments toward her and continually harassed and tormented her. In *O'Connell,* the plaintiff alleged that her supervisor sexually harassed her on a business trip, and the SJC held that the Workers' Compensation Act does not bar "an action against a fellow employee who commits an intentional tort which was in no way within the scope of employment furthering the interests of the employer." *Id.* at 690, 511 N.E.2d 349. The

question here is whether plaintiff's allegations against Dell'Olio describe actions occurring within the scope of his employment furthering the interests of the hotel.

The Court concludes that Dell'Olio's alleged actions, if proven, cannot be deemed to have been calculated to further his employer's interests. This is not a situation where plaintiff alleges (only) that she received poor assignments or reviews because of her age. Instead, the she asserts a claim of abuse which is akin to the sexual harassment charges in *O'Connell. See also Bergeson v. Franchi*, 783 F.Supp. 713, 716 (D.Mass.1992). Consequently, the Court finds that plaintiff has made allegations of intentionally tortious conduct by Dell'Olio which are not barred by the Workers' Compensation Act. *O'Connell*, 400 Mass. at 690, 511 N.E.2d 349.

■ Plaintiff contends that as a result of the alleged abuse she suffered emotional injury. In order to prevail on a claim for intentional infliction of emotional distress, plaintiff must show that defendant's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community. *Agis v. Howard Johnson Company*, 371 Mass. 140, 145, 355 N.E.2d 315 (1976). Whether Dell'Olio's actions, if proven, are sufficiently outrageous to constitute intentional infliction of emotional distress is a question of fact which cannot be determined at this stage. The motion for summary judgment on Count 10, as to Dell'Olio, will be denied.

B. *Negligent Infliction of Emotional Distress.*

In what the First Circuit Court of Appeals has described as "persuasive, reasoned dicta," (*Clarke v. Kentucky Fried Chicken of California, Inc.*, 57 F.3d 21, 29 (1st Cir. 1995)), the Massachusetts Appeals Court has recently observed that:

1) negligence claims for emotional injury arising out of bona fide personnel actions do not constitute compensable injury under the 1985 and 1986 amendments to the Workers' Compensation Act [M.G.L. c. 152, § 1(7A) ];

2) "it seems unlikely that the Legislature, [in enacting the amendments], intended to preserve a civil action for claims based on negligent infliction of emotional distress that arise from a bona fide personnel action," and

3) "The 1985 and 1986 amendments make clear that when events occurring at work are a significant contributing cause of emotional or mental disabilities, those injuries are compensable under the Act unless they arose from a bona fide personnel action not intended to inflict emotional distress."

*Catalano v. First Essex Sav. Bank*, 37 Mass. App.Ct. 377, 380–81, 639 N.E.2d 1113 *review denied*, 419 Mass. 1101, 644 N.E.2d 225 (1994).

■ In the case at bar, plaintiff alleges that she was subjected to "a consistent and continual barrage of unwarranted and vitriolic abuse by Dell'Olio" on the subject of her age, and that defendants Foran and the hotel knew of that abuse but failed to put a stop to it. The Court holds that this claim is barred by the exclusivity clause of the Workers' Compensation Act.

■ Plaintiff further contends that defendants discharged her because of her age, thereby causing her to suffer emotional and physical distress. If that claim is characterized as negligent infliction of emotional distress arising out of a bona fide personnel action, then it is prohibited under *Catalano*. If the claim is for negligent infliction of emotional distress arising from improper discharge, it is barred by the exclusivity provision of the Workers' Compensation Act. In any case, plaintiff has failed to allege evidence of "physical harm manifested by objective symptomology," which is necessary to support a claim of negligent infliction of emotional distress. *Mullen*, 32 Mass.App.Ct. at 971, 592 N.E.2d 1342, *quoting, Payton v. Abbott Labs.*, 386 Mass. 540, 557, 437 N.E.2d 171 (1982). In light of the foregoing, defendants' motion for summary judgment on Count 13 of the complaint will be allowed.

## XI. ALLEGED NEGLIGENT HIRING, SUPERVISION AND RETENTION.

■ Plaintiff alleges in Count 12 that defendants Foran and the hotel were negligent

in hiring, supervising and retaining Dell'Olio because he was not suited for the position of restaurant manager, and in that capacity harmed the plaintiff. In *Clarke*, 57 F.3d 21, where plaintiff alleged that while employed by the defendant, she was sexually harassed, physically assaulted, and subjected to attempted rape by her co-employees, the First Circuit affirmed the district court's ruling that plaintiff's claims for negligent hiring, retention and supervision were preempted by the Workers' Compensation Act. *Clarke*, 57 F.3d at 29. This Court finds such claims to be similarly preempted here. Defendants' motion for summary judgment on Count 12 of the complaint will be allowed.

## XII. ALLEGED INVASION OF PRIVACY.

Plaintiff alleges in Count 14 that Dell'Olio revealed her age by writing it on a birthday card circulated to co-workers. She produces a photocopy of the card as an exhibit. Plaintiff asserts that such a disclosure was intended to humiliate, embarrass, and or demean her, and violated her right to privacy guaranteed by M.G.L. c. 214 § 1B and M.G.L. c. 93 § 103.

### A. *Legal Standard.*

The privacy statute provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." M.G.L. c. 214, § 1B. In *Bratt v. Int'l. Business Machines Corp.*, 392 Mass. 508, 519, 467 N.E.2d 126 (1984), the SJC held that the disclosure of private facts about an employee to other employees can constitute sufficient publication under the Massachusetts right of privacy statute to state a claim. In analyzing whether the disclosure is a breach of privacy, Courts are directed

> to balance the employer's legitimate business interest in obtaining and publishing the information against the substantiality of the intrusion on the employee's privacy resulting from the disclosure.

*Bratt*, 392 Mass. at 521, 467 N.E.2d 126.

### B. *Discussion.*

In this case, the birthday card presented to the plaintiff included a reference to her age (68) and a comment by a fellow employee, "See I told ya I would find out how old you are but Happy Birthday!" The birthday card was signed by approximately a dozen people, presumably employees, and deposition testimony indicates that such was the practice when a member of the staff celebrated a birthday. Apparently, Dell'Olio had no business reason for disclosing the plaintiff's age in that context. The Court must determine, therefore, 1) whether plaintiff's age is a "private fact," disclosure of which can constitute an invasion of privacy, and 2) if a reasonable jury could find that such disclosure by Dell'Olio was an unreasonable, substantial, or serious interference with plaintiff's privacy.

The Court concludes that in this case the plaintiff's age is not such an intimate or personal fact that it can the be basis of a privacy claim. Furthermore, even if it is a private fact, the Court finds that no reasonable jury could conclude that the disclosure in the subject manner constituted a serious or unreasonable interference with plaintiff's rights. The motion for summary judgment on Count 14 of the complaint will be allowed.

## XIII. ALLEGED DEFAMATION.

Plaintiff asserts in Count 15 a claim for defamation, alleging that defendants published harmful and untrue statements about her. In particular, she alleges that she has been defamed by 1) negative statements in her personnel files, 2) abusive taunts such as the alleged "Geritol Generation" comment, and 3) allegations made to the EEOC and in this lawsuit that the October, 1990 incident which led to plaintiff's discharge "smacks of theft."

First, with respect to the warnings in plaintiff's personnel file, even if such statements could be deemed to be defamatory, which is doubtful, plaintiff has failed to state a claim. "An employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job." *McCone v. New England Tel. and Tel. Co.*,

 

393 Mass. 231, 235, 471 N.E.2d 47 (1984), *quoting, Bratt,* 392 Mass. 508, 509, 467 N.E.2d 126 (1984). In this case, plaintiff does not allege that these statements were excessively published, and it appears that the reviews were created in accordance with hotel policy. Furthermore, plaintiff has not alleged that the reports were recklessly published to outsiders, so no case is presented for loss of the privilege. *McCone,* 393 Mass. 231, 235–36, 471 N.E.2d 47. Consequently, the Court finds that plaintiff's first argument does not support a viable claim for defamation.

■■■ Second, plaintiff contends that Dell'Olio's alleged abusive remarks toward her constitute defamation. The Massachusetts courts have held, however, that "[a]n assertion that cannot be proved false cannot be held libellous." *Cole v. Westinghouse Broadcasting Co., Inc.,* 386 Mass. 303, 312, 435 N.E.2d 1021, *cert. denied,* 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 603 (1982). Because the alleged abusive statements are obviously not statements of fact, but are perhaps derogatory statements of opinion, they cannot constitute defamation. *Fleming v. Benzaquin,* 390 Mass. 175, 186, 454 N.E.2d 95 (1983) (where the Court held that calling a police officer "lunkhead," "meathead," "absolute barbarian" and the like were statements of "harsh judgment" or "mere vituperation and abuse," not defamation).

■■ Finally, plaintiff alleges that defendants have defamed her through their comments in this lawsuit to the effect that she was discharged because of "deficiencies in her work performance," and an incident during which "it was apparent that plaintiff had at worst committed theft, and at best had once again flouted her employer's mandatory procedures." Those statements are offered by the defendants as their legitimate and nondiscriminatory reason for discharging the plaintiff in defense of her age discrimination charge.

The Court notes that defendants do not allege that plaintiff committed theft, but merely describe the incident of October, 1990, and draw conclusions from the set of largely uncontradicted facts. In particular, plaintiff does not contest the facts that 1) she

allowed a customer to leave without paying, 2) she handed Dell'Olio a day-old check when he asked for the check rung up for that customer, and 3) she could not produce a check rung up for that customer.

The Court finds that given the factual background, plaintiff cannot prove defendants' statements, which were offered in defense of her claims against them, were false and defamatory. Defendants' motion for summary judgment on Count 15 of the complaint will be allowed.

### ORDER

Accordingly, the Court orders that:

1) the motion for summary judgment by the defendants Interstate Hotels Corporation No. 1007 and Marriott International Inc. is ALLOWED with respect to all counts of the complaint;

2) the motion for summary judgment by the defendants Interstate Hotels Corporation No. 16, Vincent Dell'Olio, and Collin Foran is ALLOWED with respect to all counts of the complaint except for Count 10. As to Count 10, which alleges intentional infliction of emotional distress, the motion for summary judgment is ALLOWED with respect to defendants No. 16 and Foran, and is DENIED with respect to defendant Dell'Olio.

SO ORDERED.